UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JONATHAN L. ANDERSON, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:25-CV-179-HAB-SLC |
| NOBLE COUNTY SHERIFF, DAKOTA WILCOX, CHRIS FISHER, and JOHN AND JANE DOES, | |
| Defendants. | |

OPINION AND ORDER

Jonathan L. Anderson, a prisoner represented by counsel, filed a complaint in the Noble County Superior Court. ECF 3. Under 28 U.S.C. §§ 1331, 1441, and 1446, the defendants removed that case to this court. ECF 1. Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Anderson alleges he was held in the Noble County Jail beyond his release date of April 25, 2023. "Incarceration beyond the date when a person is entitled to be released violates the Eighth Amendment if it is the product of deliberate indifference." *Figgs v. Dawson*, 829 F.3d 895, 902 (7th Cir. 2016). "Deliberate indifference occupies a space slightly below intent and poses a high hurdle and an exacting standard requiring something approaching a total unconcern for the prisoner's welfare in the face of serious risks. Negligence, or even objective recklessness, is insufficient to satisfy

deliberate indifference." *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 615 (7th Cir. 2022) (cleaned up).

On April 21, 2023, Anderson's "amount and conditions of bail, [were set at] $2,500 (4-way) and to be held on a 15-day probation hold." *State v. Anderson*, 57D01-2304-F6-127 (Noble Superior Court 1, filed April 21, 2023) (the 2023 case).[1] Based on that order, the hold would have expired May 6, 2023. That is the date the complaint alleges Anderson was released after he was allowed to post bond. The complaint alleges he should have been released sooner. It alleges the hold was lifted on April 25, 2025, when he appeared in court on the probation violation which was the basis for the hold. The State court docket shows that on that day, Anderson appeared in a different case and bond was set for $2,500.00 without mention of any conditions. *State v. Anderson*, 57D01-1810-F6-347 (Noble Superior Court 1, filed October 10, 2018) (the 2018 case).

The electronic docket for the 2023 case has no mention of the hearing in the 2018 case. Neither does the electronic docket for the 2018 case indicate the hold was lifted for the 2023 case. Based on the publicly available filings in these cases, it is unclear how anyone at the Noble County Jail would have been deliberately indifferent by not allowing Anderson to post bond before the expiration of the 15-day hold imposed in the 2023 case.

---

[1] The court takes judicial notice of the electronic docket of the State court, available at https://public.courts.in.gov/mycase/. *See* Fed. R. Evid. 201 and *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

Nevertheless, the court will grant Anderson leave to proceed on this complaint against the named defendants. The unknown defendants will be dismissed because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted).

For these reasons, the court:

(1) GRANTS Jonathan L. Anderson leave to proceed against the Noble County Sheriff, Dakota Wilcox, and Chris Fisher for holding him past his release date of April 25, 2023, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES John and Jane Does; and

(4) ORDERS, under 42 U.S.C. § 1997e(g)(2), Noble County Sheriff, Dakota Wilcox, and Chris Fisher to respond by **May 7, 2025**, only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 28, 2025.

                                              s/Holly A. Brady_____
                                              CHIEF JUDGE
                                              UNITED STATES DISTRICT COURT